UNITED STATES of America, Plaintiff–Appellee,

v.

John Eric O'NEAL, Defendant–Appellant.

No. 02–55362.

D.C. No. CV–00–12004–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

John Eric O'Neal appeals pro se the denial of his 28 U.S.C. § 2255 motion, challenging his 240–month mandatory minimum sentence, in light of the rule announced in *Apprendi v. New Jersey,* 530

U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

O'Neal contends that his sentence violates *Apprendi* because the quantity of drugs in his possession was not presented to a jury and proved beyond a reasonable doubt. While the district court erred in not submitting the quantity issue to the jury, we conclude that error was harmless because the sentence imposed is authorized by the jury's verdict. *See United States v. Saya*, 247 F.3d 929, 942 (9th Cir.) (stating that a defendant is not entitled to relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict), *cert. denied*, 534 U.S. 1009, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001).

O'Neal's attempt to distinguish his case as an *Apprendi* violation on the basis that a mandatory minimum sentence was imposed as a result of the district court's drug quantity determination has been foreclosed by *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2419–20, 153 L.Ed.2d 524 (2002) (stating that mandatory minimums do not implicate *Apprendi* ).

**AFFIRMED.**